UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 10-72850-PJS

**THURLAND RUFUS GARRETT,**                         Chapter 7
**SHERRY L. GARRETT,**
                                                    HON. PHILLIP J. SHEFFERLY

      Debtors.

_____/

**DANIEL M. McDERMOTT**,
**United States Trustee,**

      Plaintiff,
                                                    Adversary Case No. 11-4165
vs.

**DOSHIA M. BANKS,**
**DMB SELF-HELP INFORMATION**
  **NETWORK, INC.**

      Defendants.

_____/

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

     Daniel M. McDermott, United States Trustee, Plaintiff in the above captioned adversary

proceeding, moves this Honorable Court as follows:

     1.     This is the Plaintiff's Motion for Summary Judgment against Defendant, Doshia M.

Banks.  Default Judgment has already been entered against Defendant DMB Self-Help Information

Network, Inc. (Docket #21).  This Motion is filed pursuant to F.R.Civ.P. 56 made applicable to this

adversary proceeding by F.R.Bankr.P. 7056, and is filed in accordance with the procedures set forth

in L.B.R. 9014-1 (E.D.M.).  A Proposed Order is attached.

2. The United States Trustee filed an Adversary Complaint seeking a permanent injunction preventing the Defendant from engaging in the practice of preparing Bankruptcy Petitions for compensation; defined in the Bankruptcy Code as a Bankruptcy Petition Preparer, and for financial penalties.

3. Pursuant to F.R.Civ.P. 56(c), incorporated and made applicable to these proceedings by F.R.Bankr.P. 7056, summary judgment shall be granted if,

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

4. The Debtors in this case testified under oath, as detailed in the attached brief, to the actions of Doshia M. Banks that violate 11 U.S.C. §§ 110 and 526-528; and constitute the unauthorized process of law.

5. Her violations include:

    a. Failing to execute a written contract as required by 11 U.S.C. § 528(a)(1),

    b. The unauthorized practice of law in violation of 11 U.S.C. § 110(e)(2),

    c. Use of a business card with the phrase "legal information network" in violation of 11 U.S.C. § 110(f), and

    d. Fraudulent, unfair or deceptive acts in violation of 11 U.S.C. § 110(i)(1).

6. There is no evidence to contradict the Debtors' statements. Banks declined to disclose any evidence as required by F.R.Bankr.P. 7026(a).

7. Furthermore, Banks failed to appear at her own deposition, even after it was rescheduled at her request to a date approved by her. Plaintiff is separately seeking a remedy for that violation as it is not the first similar transgression by Banks.

2

8.     As there are no contested facts, Summary Judgment is appropriate.


**WHEREFORE,** Plaintiff, Daniel M. McDermott, United States Trustee, respectfully

requests that this Court enter Judgment in favor of Plaintiff,

(I)     enjoining the future preparation of petitions by Doshia M. Banks and providing for

        such other and further relief as may seem just and proper,

(II)    ordering payment from Doshia M. Banks to the Debtors in the amount of at least

        $2,000,

(III)   permitting the Debtors an opportunity to seek additional damages from Doshia M.

        Banks

(IV)    Ordering payment of fines from Doshia M. Banks to the United States Trustee

        pursuant to 11 U.S.C. § 110 (l)(2)(D) in the amount of  $1,000.

                              Respectfully submitted.

                              **DANIEL M. McDERMOTT**
                              **UNITED STATES TRUSTEE**
                              Region 9



                         By     /s/ Paul J. Randel (P58419)
                                Paul.Randel@usdoj.gov
                                Trial Attorney
                                Office of the U.S. Trustee
                                211 West Fort St - Suite 700
                                Detroit, Michigan 48226
                                (313) 226-4541
Dated: July 14, 2011

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:                                                    Case No. 10-72850-PJS

**THURLAND RUFUS GARRETT,**                               Chapter 7
**SHERRY L. GARRETT,**
                                                          HON. PHILLIP J. SHEFFERLY
          Debtors.

_____/

**DANIEL M. McDERMOTT**,
**United States Trustee,**

          Plaintiff,
                                                          Adversary Case No. 11-4165
vs.

**DOSHIA M. BANKS,**
**DMB SELF-HELP INFORMATION**
  **NETWORK, INC.**

          Defendants.

_____/


## ORDER GRANTING  SUMMARY JUDGMENT
## IN FAVOR OF PLAINTIFF, AGAINST DEFENDANT DOSHIA M. BANKS

**THIS MATTER** came before the Court on Plaintiff's Motion for Summary Judgment against Defendant Doshia M. Banks.  The Court finds that there are no genuine issues of material fact and that Plaintiff is entitled to Summary Judgment as a matter of law. All parties in interest received notice of the Plaintiff's Motion.  The Court is otherwise fully advised in this matter.

          **NOW THEREFORE,**

          **IT IS ORDERED** that Judgment is entered in the above-captioned adversary proceeding against Defendant, Doshia M. Banks.

          **IT IS FURTHER ORDERED** that Doshia M. Banks is hereby permanently enjoined from acting as a Bankruptcy Petition Preparer; and from providing Bankruptcy Assistance to Assisted Persons, whether under the name Doshia M. Banks or any other name or through any other corporate form other than under the employment and supervision of a licensed attorney.

**IT IS FURTHER ORDERED** that Defendant Doshia M. Banks shall make payment to the Debtors in connection with the above captioned bankruptcy proceeding in the aggregate amount of $2,000.00 within thirty (30) days of entry of this Order.

**IT IS FURTHER ORDERED** that Defendant Doshia M. Banks shall certify the payment to the Debtors by filing an affidavit accompanied by a copy of the cashier's check or money order for the payment no later than thirty (30) days after the entry of this Order.

**IT IS FURTHER ORDERED** that Defendant Doshia M. Banks shall pay a fine to the United States Trustee in the amount of $1,000.00 within thirty (30) days of entry of this Order.

**IT IS FURTHER ORDERED** that Defendant Doshia M. Banks shall certify the payment to the United States Trustee by filing an affidavit accompanied by a copy of the cashier's check or money order for the payment no later than thirty (30) days after the entry of this Order.

**IT IS FURTHER ORDERED** that dismissal or closure of this case will not excuse compliance with the terms of this Order and it can be enforced by the Debtors or the United States Trustee in any court of competent jurisdiction. referenced case.

2

In re:                                                           Case No. 10-72850-PJS

**THURLAND RUFUS GARRETT,**                                       Chapter 7
**SHERRY L. GARRETT,**
                                                                 HON. PHILLIP J. SHEFFERLY
     Debtors.
_____/

**DANIEL M. McDERMOTT**,
**United States Trustee,**

     Plaintiff,
                                                                 Adversary Case No. 11-4165

vs.

**DOSHIA M. BANKS,**
**DMB SELF-HELP INFORMATION**
  **NETWORK, INC.**

     Defendants.
_____/

## NOTICE OF MOTION FOR SUMMARY JUDGMENT

     Daniel M. McDermott, United States Trustee, has filed papers with the court seeking Summary Judgment in his favor against Defendant, Doshia M. Banks.

     **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

     If you do not want the court to grant the motion, or if you want the court to consider your views on the motion, **within 14 days**, you or your attorney must:

     1.     File with the court a written response or an answer explaining your position at:[1]

United States Bankruptcy Court
211 W. Fort Street
Detroit, Michigan 48226

     If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

_____

[1] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e)

You must also mail a copy to:        Paul J. Randel, Esq.
Office of the U. S. Trustee
211 W. Fort St., Ste. 700
Detroit, MI 48226

2.      If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

**DANIEL M. McDERMOTT**
**UNITED STATES TRUSTEE**
Region 9

By    /s/ Paul J. Randel (P58419)
Paul.Randel@usdoj.gov
Trial Attorney
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
(313) 226-4541

Dated: July 14, 2011

2

In re:                                                    Case No. 10-72850-PJS

**THURLAND RUFUS GARRETT,**                   Chapter 7
**SHERRY L. GARRETT,**

                                                         HON. PHILLIP J. SHEFFERLY
        Debtors.
_____/
**DANIEL M. McDERMOTT**,
**United States Trustee,**

        Plaintiff,

vs.                                                       Adversary Case No. 11-4165

**DOSHIA M. BANKS,**
**DMB SELF-HELP INFORMATION**
  **NETWORK, INC.**

        Defendants.
_____/


<u>BRIEF IN SUPPORT OF</u>
<u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>


<u>ARGUMENT</u>

        The Plaintiff moves for summary judgment as there are no genuine issues of material fact and

Plaintiff is entitled to judgment as a matter of law.

        Motions for Summary Judgment are governed by Federal Rule of Civil Procedure 56,
        made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure
        7056.  Under Rule 56©, a Motion for Summary Judgment must be granted 'if the
        pleadings, depositions, answers to interrogatories, and admissions on file, together
        with affidavits, if any, show that there is no genuine issue as to any material fact and
        that the moving party is entitled to judgment as a matter of law'.  *In Re Ruggeri Elec.
        Contracting, Inc.,* 199 B.R. 903, 905 (Bkrtcy. E.D.Mich. 1996)(J. Rhodes).

The sworn testimony the Debtors and of Doshia M. Banks remove any question of fact, and demonstrate that the Plaintiff is entitled to judgment as a matter of law

Doshia M. Banks functions as a non-attorney Bankruptcy Petition Preparer. She is a 'Debt Relief Agency", as that term is defined by 11 U.S.C. §101(12A). Banks' activities as a petition preparer are governed by numerous restrictions found in 11 U.S.C. §§ 110, 526-528 and the restriction on the unauthorized practice of law.

**Failure to Provide Written Contract and Use of prohibited terms.**

11 U.S.C. § 528(a)(1) mandates the execution of written contracts with clients, telling them what services will be provided. According to the Debtors, they did not sign a contract with Banks. Exhibit A., Page 12, Lines 14-17. In this case, Banks has no contract and has violated 11 U.S.C. § 110.

Banks uses a business card with the phrase "legal information network" in violation of 11 U.S.C. § 110(f), Exhibit B.

**Unlicensed Practice of Law**

11 U.S.C. § 110(e)(2)(A) prohibits a bankruptcy petition preparer from offering any legal advice. The sanctions for violating this prohibition include a permanent injunction under 11 U.S.C. § 110(j)(2). At their Section 341 First Meeting of Creditors, the Debtors in this case testified about their interactions with Banks. Some constitute legal advice, including:

1.      Explaining how Bankruptcy worked, Exhibit A, Page 9, Lines 12-23,

2.      Explaining the "Presumption." Exhibit A, Page 11, Lines 8-14, and

2

3.      Choosing the Exemptions, Exhibit A, Page 11 Line 21 - Page 12, Line 5.

Each of these activities constitutes the unlicensed practice of law.   In addition, 11 U.S.C. § 110(i)(1) prohibits fraudulent, unfair or deceptive acts.  Naturally, the unauthorized practice of law is unfair to the individual purchasing the services.

Banks may argue that she discloses that she is not an attorney and cannot give legal advice. It makes no difference that the Defendant says she is not practicing law.  Her actions indicate that she is.

> A disclaimer that the non-lawyer is only providing 'scrivener' or 'paralegal' services is irrelevant if the non-lawyer in fact engages in unauthorized practice of law.  Even a debtor's signed waiver acknowledging no legal advice or legal assistance has been given does not insulate the non-lawyer service provider from liability and is ineffectual if the non-lawyer in fact engages in the unauthorized practice of law.  *In re Bright*, 171 B.R. 799, 803 (Bkrtcy. E.D.Mich. 1994)(Shapero, J., citations omitted).

## REMEDIES

**Injunction**

Under 11 U.S.C.  § 110(j)(2)(A) Banks is prohibited from violating any provisions of Title 11 and from engaging in fraudulent, unfair and deceptive activity.   Her failure to fulfill all requirements of 11 U.S.C.  §§ 110, 526 and 528 and her unauthorized practice of law constitute fraudulent, unfair and deceptive activity.

Pursuant to 11 U.S.C. § 110(j)(2)(A), the Court may enjoin prohibited conduct.  Based upon Banks' violations, the Court should enjoin her from future violations.  Pursuant to 11 U.S.C. § 110(j)(2)(B), the Court may enjoin Banks from acting as a Bankruptcy Petition Preparer if there is

3

cause to believe simply enjoining the prohibited conduct would be insufficient to prevent further interference with proper administration under this Title 11.

There is cause to believe that simply enjoining the prohibited conduct will be insufficient . Banks and her company have been enjoined and fined in other cases. Banks advertises heavily on the internet and local radio. She also distributes a business card using the term "legal information." Thus, simply ordering her to do what she should already have done is unlikely to prevent future violations and the Court should enjoin her activities altogether.


**Payment to Debtors**

Pursuant to 11 U.S.C. § 110(i)(1) the Court shall order the Bankruptcy Petition Preparers to make payments to the Debtors, including at an absolute minimum, $2,000; for any violation of section 110 or any fraudulent, unfair or deceptive activity. It also be requires payment of any actual damages. Banks has violated section 110 and engaged in fraudulent, unfair or deceptive activity. As such, she should be required to pay the Debtors $2,000. In addition, the Debtors should be given the opportunity to identify any actual damages they may have suffered.


**Payment to United States Trustee**

Pursuant to 11 U.S.C. §110 (l)(1), a bankruptcy petition preparer who fails to comply with any provision of subsections (b) through (h) may be fined $500 for each violation. Defendant, at a minimum, violated subsections (e) and (f) of §110, and should be fined $1000 for those violations. Fines assessed under §110 (l) are payable to the United States Trustee pursuant to §110 (l)(4).

4

## <u>CONCLUSION</u>

There are no genuine issues of material fact. As matter of law Plaintiff is entitled to

Summary Judgment. Defendant should be permanently enjoined and face other sanctions.

**DANIEL M. McDERMOTT**
**UNITED STATES TRUSTEE**
Region 9


By    <u>/s/ Paul J. Randel (P58419)</u>
Paul.Randel@usdoj.gov
Trial Attorney
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
(313) 226-4541

Dated: July 14, 2011

In re:                                                    Case No. 10-72850-PJS

**THURLAND RUFUS GARRETT,**                               Chapter 7
**SHERRY L. GARRETT,**
                                                          HON. PHILLIP J. SHEFFERLY
      Debtors.
_____/
**DANIEL M. McDERMOTT**,
**United States Trustee,**

      Plaintiff,

vs.                                                       Adversary Case No. 11-4165

**DOSHIA M. BANKS,**
**DMB SELF-HELP INFORMATION**
   **NETWORK, INC.**

      Defendants.
_____/

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on July 14, 2011, I served copies as follows:

1.    Documents Served:        *Motion for Summary Judgment Against Defendant Doshia M. Banks, Notice of Motion, Brief in Support of Motion* and *Certificate of Service.*

2.    Served Upon:        Doshia M. Banks
                                17515 W. Nine Mile Road
                                Suite 980
                                Southfield, MI 48075

                                Thurland Rufus Garrett
                                Sherry L Garrett
                                14845 Ohio Street
                                Detroit, MI 48238

3.    Method of Service:        First Class Mail

                                DANIEL M. McDERMOTT
                                **UNITED STATES TRUSTEE**
                                Region 9

               By:    <u>/s/ Karen Riggs</u>
                                Karen.Riggs@usdoj.gov
                                Paralegal Specialist
                                Office of the U.S. Trustee
                                211 West Fort St. - Suite 700
                                Detroit, MI 48226
                                313.226.7259

Dated: July 14, 2011

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Case No. 10-72850-PJS

**THURLAND RUFUS GARRETT,**                     Chapter 7
**SHERRY L. GARRETT,**
                                                HON. PHILLIP J. SHEFFERLY
        Debtors.
_____/
**DANIEL M. McDERMOTT**,
**United States Trustee,**

        Plaintiff,

vs.                                             Adversary Case No. 11-4165

**DOSHIA M. BANKS,**
**DMB SELF-HELP INFORMATION**
  **NETWORK, INC.**

        Defendants.
_____/

**EXHIBIT LIST**

Exhibit A        Transcript of Thurland Rufus Garrett and Sherry L. Garrett's 341 Meeting of
                 Creditors

Exhibit B        Doshia M. Banks' business card

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


In the matter of:

THURLAND AND SHERRY          Case No. 10-72850
GARRETT,
                            Detroit, Michigan
                            Wednesday, December 1, 2010
                            Judge Shefferly

          Debtors
_____/

<u>341 HEARING</u>

BEFORE MARK SHAPIRO, CHAPTER 7 TRUSTEE

TRANSCRIPT ORDERED BY:  PAUL RANDEL (Office of the
United States Trustee)

APPEARANCES:

For the Debtors:            Law Office of D.M. Bettis
                            BY:  DONNA BETTIS
                            2302 Gladstone St.
                            Detroit, MI  48026


For the U.S. Trustee:       Office of the U.S. Trustee
                            BY:  PAUL RANDEL
                            211 W. Fort St., Suite 700
                            Detroit, MI  48226


Transcribed by:             Lynn L. Simmons
                            8284 Caribou Trail
                            Clarkston, MI  48348
                            248-922-1587

**Exhibit A**

TABLE OF CONTENTS

PROCEEDINGS - Wednesday, December 1, 2010                    3

DEBTOR WITNESSES:  **Thurland and Sherry Garrett**

    Examination by the trustee                          4
    Appearance by Ms. Bettis                            7
    Examination by Mr. Randel                           7
    Examination by the trustee                         12
    Examination by Mr. Randel                          14
    Examination by the trustee                         16
    Hearing adjourned to December 15, 2010             16

11-04165-pjs   Doc 24   Filed 07/14/11   Entered 07/14/11 15:19:59   Page 16 of 32

**Exhibit A**

1              Detroit, Michigan

2              Wednesday, December 1, 2010

3              10:00 A.M. Call

4                   _ _ _

5          THE TRUSTEE:  The first case on the ten o'clock hour

6   is 10-72850, Thurland and Sherry Garrett.

7          MS. BETTIS:  I need to talk to them first.

8          THE TRUSTEE:  Sure.  Now, it says this is a pro se

9   case.

10         MS. BETTIS:  They just retained me yesterday because

11  they were apprehensive about the --

12         THE TRUSTEE:  All right.  So are you prepared to go

13  forward with the meeting of creditors today?

14         MS. BETTIS:  Yes, I am.  I've had an opportunity to

15  review their schedules.  They've amended one schedule

16  (indiscernible).

17         THE TRUSTEE:  Okay.  Why don't -- we'll cover that.

18  I just wanted to make sure that we were actually going to

19  proceed with the meeting today.

20         MS. BETTIS:  Yes.

21         THE TRUSTEE:  All right.  So we'll recall that as

22  soon as you're done with the questionnaire.

23         MS. BETTIS:  Thank you.

24      (Discussion off the record.)

25         THE TRUSTEE:  The record should reflect that we

3

**Exhibit A**

1  don't have any other attorneys here, so we'll just go off the

2  record for a couple minutes while we wait and see who we can

3  get here in the room and get the questionnaire completed on

4  the first matter that we called.

5      (Discussion off the record.)

6          THE TRUSTEE:  All right.  We're back on the record.

7  Again this is case number 10-72850, Thurland and Sherry

8  Garrett.  Folks, can I ask you to stand for just a moment

9  while you swear you in.  And if you could raise your right

10 hands.

11          THURLAND AND SHERRY GARRETT, DEBTORS, SWORN

12          THE TRUSTEE:  All right.  Go ahead and have a seat.

13                          **EXAMINATION**

14 BY THE TRUSTEE:

15 Q.  Did you both receive copies of the bankruptcy information

16 sheet?

17 A.  (Mr. Garrett)  Yes.

18 A.  (Mrs. Garrett)  Yes.

19 Q.  You both had an opportunity to review that notice prior

20 to the meeting today?

21 A.  (Mr. Garrett)  Yes.

22 A.  (Mrs. Garrett)  Yes.

23 Q.  And did you both understand that notice when you reviewed

24 it?

25 A.  (Mrs. Garrett)  Yes.

4

**Exhibit A**

1  A.   (Mr. Garrett)  Yes.

2  Q.   All right.  Could you each state your full name and

3  address for the record.

4  A.   (Mrs. Garrett)  Sherry Garrett, 14845 Ohio, Detroit,

5  Michigan, 48238.

6  A.   (Mr. Garrett)  Thurland Garrett, 14845 Ohio Street,

7  Detroit, Michigan, 48238.

8  Q.   All right.  Thank you.  Folks, you filed this bankruptcy

9  without the assistance of counsel; is that correct?

10  A.   (Mr. Garrett)  Yes.

11  A.   (Mrs. Garrett)  Yes.

12  Q.   But now you've retained counsel since that date?

13  A.   (Mr. Garrett)  Right.

14  Q.   All right.  At the time that you completed the bankruptcy

15  documents:  the petition, schedules, statements of financial

16  affairs, and all the other related documents filed in

17  connection with the case, was all the information in those

18  documents completely truthful and accurate?

19  A.   (Mr. Garrett)  Yes.

20  A.   (Mrs. Garrett)  Yes.

21  Q.   As of today's date does all that information remain and

22  continue to be completely truthful and accurate?

23  A.   (Mr. Garrett)  Yes.

24  Q.   Do the schedules list everything that either of you own

25  or have an interest in?

5

**Exhibit A**

1  A.   (Mr. Garrett)  Yes.

2  A.   (Mrs. Garrett)  Yes.

3  Q.   And do the schedules also list everyone that either of

4  you owes any money to?

5  A.   (Mr. Garrett)  Yes.

6  A.   (Mrs. Garrett)  Yes.

7  Q.   Has anything at all changed or is anything different

8  since the case was filed?

9  A.   (Mr. Garrett)  No.

10  A.   (Mrs. Garrett)  Yes.  The one from yesterday.  They --

11  there was one that wasn't on there.  We did another schedule.

12            MS. BETTIS:  They amended Schedule F to include a

13  debt in the amount of $10,027.

14            THE TRUSTEE:  Okay.  Who was that owed to?

15            MS. BETTIS:  (indiscernible) repossession.  Palisade

16  Collections.

17            THE TRUSTEE:  Okay.

18            MS. BETTIS:  (indiscernible)

19  BY THE TRUSTEE:

20  Q.   Okay.  So now with the amendment that's been made, are

21  all the documents on file with the court completely truthful

22  and accurate?

23  A.   (Mrs. Garrett)  Yes.

24  A.   (Mr. Garrett)  Yes.

25  Q.   All right.  And your original signature will be on file

6

**Exhibit A**

1  with the court, so I don't need to ask you about that.

2           THE TRUSTEE:  Counsel, do you want to put your

3  appearance on the record?

4           MS. BETTIS:  Donna Bettis, P number 45678.

5           THE TRUSTEE:  All right.

6           MS. BETTIS:  On behalf of the Garretts.

7           THE TRUSTEE:  Mr. Randel?

8           MR. RANDEL:  Paul Randel for the United States

9  Trustee.  I have a few questions for you about the petition

10 preparer you used before you found Ms. Bettis; okay?

11          THE WITNESS:  (Mrs. Garrett)  Uh-huh.

12                        **EXAMINATION**

13 BY MR. RANDEL:

14 Q.  How did you find the -- you had help preparing your

15 documents; right?

16 A.  (Mrs. Garrett)  Yes.

17 A.  (Mr. Garrett)  Yes.

18 Q.  And who did you get help from?

19 A.  (Mrs. Garrett)  D.W.S. --

20 A.  (Mr. Garrett)  D.M.B.

21 A.  (Mrs. Garrett)  D.M.B.

22 Q.  Do you remember -- did you meet with a person?

23 A.  (Mr. Garrett)  Yes.

24 A.  (Mrs. Garrett)  Yes.

25 Q.  And who did you meet with, do you remember?

7

**Exhibit A**

 1   A.   (Mrs. Garrett)   Ms. Banks.

 2   Q.   And was her first name Doshia?

 3   A.   (Mrs. Garrett)   Yes.

 4   A.   (Mr. Garrett)   Doshia Banks, right.

 5   Q.   How did you find her?

 6   A.   (Mrs. Garrett)   Through a church member.

 7   Q.   I'm sorry, what did you say?

 8   A.   (Mrs. Garrett)   A church member just told us about her.

 9   Q.   Okay.  Did the church member tell you that she had used

10   her services or anything like that?

11   A.   (Mrs. Garrett)   No.

12   Q.   How did -- how did the -- how did the conversation come

13   up that this church member knew somebody who might be able to

14   help you?

15   A.   (Mrs. Garrett)   My husband had --

16   A.   (Mr. Garrett)   We was just having a general conversation

17   from one thing to the other.

18   A.   (Mrs. Garrett)   Talking about credit.

19   A.   (Mr. Garrett)   Talking about credit and purchasing

20   things, and that and this and stuff like that.  And so they

21   was saying that they knew of someone who handles situations

22   like that.

23   Q.   How did you first contact her?

24   A.   (Mrs. Garrett)   Telephone.

25   A.   (Mr. Garrett)   Telephone.  I gave her a call.

**Exhibit A**

1  Q.   All right.  And what happened when you first spoke to
2  her?
3  A.   (Mr. Garrett)  She gave us an appointment to come in and
4  sit down and talk with her.
5  Q.   Okay.  And what -- did you do that?  Did you go in and
6  talk with her?
7  A.   (Mr. Garrett)  Yeah.
8  Q.   And what happened when you -- when you went in and talked
9  with her?
10 A.   (Mrs. Garrett)  We just told her what we wanted to do and
11 she just helped us get the paperwork together.
12 Q.   When you say helped us get paperwork together, what do
13 you mean by that?
14 A.   (Mrs. Garrett)  Well, we got the paperwork and she just,
15 you know, showed us, you know, the different forms or
16 whatever.  And we --
17 Q.   Did you know much about bankruptcy before you met with
18 her?
19 A.   (Mrs. Garrett)  No.
20 A.   (Mr. Garrett)  No.
21 Q.   Did she -- did she fill you in about how bankruptcy would
22 work?
23 A.   (Mr. Garrett)  Yes.
24 Q.   Okay.  I notice that one of your documents here is
25 handwritten and then your other documents are largely typed.

**Exhibit A**

1  How -- how did that happen or, you know, how did that work

2  out?

3  A.   (Mrs. Garrett)  I guess got it off of some her files I

4  guess.

5  Q.   Well, who did that handwriting on that one document in

6  your right hand?

7  A.   (Mrs. Garrett)  Well, we were in the office and we filled

8  out things together with her.

9  Q.   Can you tell by looking at it whose handwriting that is?

10 A.   (Mrs. Garrett)  I think it's hers.  I'm not sure.

11 Q.   Actually, do you know what that form -- it says Chapter 7

12 Statement of Current Monthly Income and Means Test

13 Calculation.  Do you know what that form is or did she help

14 you with it?

15 A.   (Mrs. Garrett)  To say what we owe and what we -- you

16 know, our debt ratio.

17 Q.   Actually, why don't we take a look -- for example, take a

18 look at the top.

19 A.   (Mrs. Garrett)  Uh-huh.

20 Q.   There's a -- there's a box and one of three different

21 items had to be checked.

22 A.   (Mrs. Garrett)  Yes.

23 Q.   All right.  Did -- did you know which one to do or did

24 she help you?

25 A.   (Mrs. Garrett)  As we did it for like three or four

10

**Exhibit A**

1   months because it kept being amendments, so I know we read

2   everything.  So we understood at that point.  But now, just

3   looking at it, I can't (indiscernible).

4   Q.   Well, you're saying you understood it.  She help you with

5   it?

6   A.   (Mr. Garrett)  Yes.

7   A.   (Mrs. Garrett)  What do you mean by help?

8   Q.   Well, did you know what the presumption meant before you

9   filed bankruptcy -- or before you started looking into

10  bankruptcy?

11  A.   (Mrs. Garrett)  No.

12  Q.   Okay.  And how did you learn what it meant?

13  A.   (Mrs. Garrett)  Well, just read it and (indiscernible)

14  A.   (Mr. Garrett)  (Interrupting.)  She explained it to us.

15  Q.   Let me show you another document.  Do these two documents

16  say Schedule C, Property Claimed As Exempt?

17  A.   (Mrs. Garrett)  Uh-huh.

18  Q.   And on this first column is -- are things that you own;

19  right?

20  A.   (Mrs. Garrett)  Uh-huh

21  Q.   You see that?  The second column says specify law

22  providing each exemption.  Do you -- did you know what all

23  those numbers and letters meant --

24  A.   (Mrs. Garrett)  No.

25  Q.   -- or did she help with that?

11

**Exhibit A**

1  A.  (Mr. Garrett)  No, we had no idea of that.

2  Q.  I'm sorry, I didn't hear you.

3  A.  (Mrs. Garrett)  No.

4  A.  (Mr. Garrett)  I said we didn't know.  She had to help

5  us.

6  Q.  How much did she charge you?

7  A.  (Mrs. Garrett)  $100.

8  A.  (Mr. Garrett)  $100.

9  Q.  Okay.  And did you pay by cash or check?

10  A.  (Mr. Garrett)  Cash.

11  Q.  Did she give you a receipt?

12  A.  (Mrs. Garrett)  Yes.

13  A.  (Mr. Garrett)  Yes, she did.

14  Q.  Did she ever have you sign a contract saying what she

15  would do in exchange for the $100?

16  A.  (Mrs. Garrett)  Not that I know of.

17  A.  (Mr. Garrett)  I don't remember that.

18  Q.  And did she ever tell you whether she was a lawyer or

19  not?

20  A.  (Mrs. Garrett)  She's not a lawyer.

21  A.  (Mr. Garrett)  She said she's not an attorney.

22  Q.  Okay.  Thank you.  I don't have any further questions.

23                         **<u>EXAMINATION</u>**

24  BY THE TRUSTEE:

25  Q.  Folks, who owns the property on Ohio Street where you

12

**Exhibit A**

1  reside?

2  A.   My mother.

3  Q.   Have either of your names ever been on title to that

4  property?

5  A.   (Mrs. Garrett)  No.

6  Q.   How long has your mother owned that property?

7  A.   (Mrs. Garrett)  Over 40 years.

8  Q.   Does she live there as well?

9  A.   (Mrs. Garrett)  Yes.

10  Q.   Okay.  Okay.

11  A.   (Mrs. Garrett)  She's 88.  I take care of her.

12  Q.   Okay.  I'm going to ask that you provide me with copies

13  of statements for the IRA.

14  A.   (Mrs. Garrett)  Okay.

15  Q.   And the stock account.  There's a fair amount of medical

16  debts listed in the schedules.  Can you tell me what those are

17  from?

18  A.   (Mr. Garrett)  Those are for me.  I had -- I was sick

19  with cancer.  I had a heart attack.  I had two heart attacks.

20  I had one last year.

21  Q.   All right.  So it's all health related?

22  A.   (Mr. Garrett)  It's all health related.

23  Q.   No -- nobody caused any injury to you?

24  A.   (Mr. Garrett)  No.  No.  Just sickness.

25  Q.   Ma'am, are you presently employed?

                            13

**Exhibit A**

1  A.   (Mrs. Garrett)  No.

2  Q.   Okay.  All right.

3          THE TRUSTEE:  Counsel, the only other thing I'm

4  going to ask you to do is take a look at the statement of

5  financial affairs question number 1.  It doesn't list any

6  income for prior years.  I don't know whether there was or

7  wasn't any, but I'd like you to go over that with your

8  clients.  If there was any income that was received in either

9  2008 or 2009, then I'd like you to do an amendment to the

10  statement of financial affairs to disclose that.

11          MS. BETTIS:  All right.

12          THE TRUSTEE:  All right.  I don't have any further

13  questions.

14          MR. RANDEL:  Actually, I do have a question I'd like

15  to ask if it's okay with you.

16          THE TRUSTEE:  Yeah, sure.

17                      **<u>EXAMINATION</u>**

18  BY MR. RANDEL:

19  Q.   Originally you had planned to do this without an

20  attorney; right?

21  A.   (Mrs. Garrett)  Yes.

22  Q.   Okay.  And then at some point you decided you needed --

23  you wanted the assistance of any attorney?

24  A.   (Mrs. Garrett)  Yes.

25  A.   (Mr. Garrett)  Yes.

14

**Exhibit A**

1  A.  (Mrs. Garrett)  It didn't feel comfortable after I looked

2  at the packet when we came -- when I came down here to file

3  the paperwork, and I got the packet and it was telling all the

4  things that could go wrong.  So --

5  Q.  When you say "the packet," what's the packet?  And I

6  guess where did you get it?  Let's from that.

7  A.  (Mrs. Garrett)  From here.

8  Q.  From the clerk's office?

9  A.  (Mrs. Garrett)  Yeah.

10  Q.  And that told -- that gave you some information about

11  things that could go wrong?

12  A.  (Mrs. Garrett)  Correct.

13  Q.  All right.  So then you decided to hire an attorney?

14  A.  (Mrs. Garrett)  Yes.

15  Q.  Why did not hire an attorney at the beginning?

16  A.  (Mr. Garrett)  We --

17  A.  (Mrs. Garrett)  Because we heard we could file, you know,

18  without an attorney, and we didn't have money, so --

19  Q.  Okay.  Did any of the conversations with Ms. Banks

20  convince you, at least originally, that it might be okay to

21  file without an attorney?

22  A.  (Mrs. Garrett)  No.

23  A.  (Mr. Garrett)  No, the discussion didn't come up.

24  Q.  Then how much did you ending up having to pay Ms. Bettis?

25  A.  (Mrs. Garrett)  We haven't paid her anything yet.

15

**Exhibit A**

 1  Q.   Do you have an agreement to -- to make payment?

 2  A.   (Mrs. Garrett)  Yes.

 3  Q.   And how much -- how much is your agreement for?

 4  A.   (Mrs. Garrett)  I think $200.

 5  Q.   Did you say 200?

 6  A.   (Mrs. Garrett)  Uh-huh.

 7  Q.   Okay.  Thank you.  All right.  I don't have any further

 8  questions.

 9          THE TRUSTEE:  All right.

10                    **EXAMINATION**

11  BY THE TRUSTEE:

12  Q.   Folks, you don't owe anybody any money -- I'm sorry,

13  nobody owes you any money?

14  A.   (Mr. Garrett)  No.

15  A.   (Mrs. Garrett)  No.

16  Q.   And neither of you are suing anyone or considering suing

17  anyone?

18  A.   (Mr. Garrett)  No.

19  Q.   Okay.  So here's what I'm going to do.  I'm going to

20  adjourn the meeting of creditors to December 15th, 2010, at

21  8:30 A.M.  I'm going to ask that you provide me with those

22  statements that I've requested and also let me know, if an

23  amendment to the statement of financial affairs needs to be

24  done, I would ask that you also do it within that ten-day

25  period.  And if I've received those documents within the next

                              16

                          **Exhibit A**

1 ten days, then there's no need for anybody to come back on

2 December 15th.

3          MS. BETTIS:  Okay.

4          THE TRUSTEE:  All right.  Thank you.

5          THE WITNESS:  (Mr. Garrett)  Thank you.

6      (Hearing adjourned to December 15, 2010.)


— — —

I certify that the foregoing is a correct transcript of the
proceedings held in the above-entitled matter.


DATED:   January 27, 2011     _____
                              Lynn L. Simmons, Transcriber

17

**Exhibit A**



DMB SELF-HELP LEGAL INFORMATION NETWORK

*A SERVICE ASSISTING INDIVIDUALS*
*WITH DOCUMENT PREPARATION*

**Doshia M. Banks**
Consultant

17515 W. Nine Mile Rd., Suite 980
Southfield, MI 48075

Phone: 248-552-6305
dbanks@dmblegalself-helpnetwork.org
www.dmblegalself-helpnetwork.org

EXHIBIT B